IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| BRENDA COLEMAN GILLIS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:19-cv-002–HEH |
| | ) | |
| WELLS FARGO HOME | ) | |
| MORTGAGE d/b/a America's | ) | |
| Servicing Company, *et al.*, | ) | |
| | ) | |
| Appellees. | ) | |

## MEMORANDUM OPINION
(Affirming the Bankruptcy Court)

This bankruptcy matter is before the Court on an appeal filed by Brenda Gillis (*pro se* "Appellant") pursuant to 28 U.S.C. § 158(a). Appellant appeals the Bankruptcy Court's December 14, 2018 Order (the "Order") that dismissed her Complaint with prejudice because it was a mere reiteration of a previously adjudicated matter. (*See* ECF No. 17-1; *see also* ECF No. 18 at 15, 17–18.) Pursuant to Fed. R. Bankr. P. 8009, both Appellant and Appellees have designated portions of the record they believe to be pertinent to this appeal, and the matter has been fully briefed. The Court also recognizes that *pro se* complaints are to be liberally construed, and the Court has done so in its review of this appeal. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

### I. BACKGROUND

On October 17, 2018, the Bankruptcy Court entered an order against Appellant, overruling her objection to Appellee Specialized Loan Servicing's ("Specialized Loan")

Proof of Claim 2. Appellant then appealed that decision to this Court on October 19, 2018.[1] In addition, and based upon that same Bankruptcy Court Order, Appellant also filed a secondary suit in the Bankruptcy Court—that secondary suit is the source of the current appeal.

The Bankruptcy Court dismissed Appellant's secondary suit with prejudice on December 14, 2018. The Bankruptcy Court concluded that "for the reasons stated by the Court at the hearing conducted on December 12, 2018; and good and sufficient cause appearing therefor, it is hereby **ORDERED, ADJUDGED AND DECREED THAT:** [ ] The Motions are hereby GRANTED. [ ]The Complaint filed by Plaintiff Brenda Coleman Gillis shall be and hereby is dismissed with prejudice." (ECF No. 17-1 at 2.) Appellant now appeals the dismissal of her secondary suit to this Court.

Even though Appellant has filed three briefs in this appeal, it is unclear what challenges Appellant raises against the Bankruptcy Court's factual findings and its ultimate conclusion that her secondary suit was rightly precluded under *res judicata*. (*See* ECF No. 18 at 15, 17–18.) Appellant filed her first brief on February 1, 2019 prior to the designation of the record ("February 1 Brief").[2] (*See* ECF No. 3.) In this brief, Appellant outlined ten unsupported "statements of fact." A subsequent brief was filed on May 10, 2019 ("May 10 Brief"), in which Appellant claimed there were issues regarding

---

[1] On June 11, 2019, the Court entered an order that affirmed the Bankruptcy Court's disposition of the matter. *See* 3:18-cv-719—HEH.

[2] Appellant filed her designation of the record on March 8, 2019, and an amendment to her designation on March 12, 2019. (*See* ECF Nos. 17-2 and 17-3.) The Bankruptcy Clerk transmitted the parties' combined designations of the record to this Court on April 11, 2019.

the filing of objections to her Chapter 13 Bankruptcy Plan. (*See* ECF No. 19.) She then filed "Appellant's BRIEF Amendment #2" (the "Amended Brief") on May 20, 2019. (*See* ECF No. 20.) In the Amended Brief, Appellant stated she is "requesting an extension to file her Brief. The reasons are the hiccups and roadblocks that *this Pro Se Appellant is receiving from the Appellee(s)*." She further stated that her brief was "ninety-five percent complete – but ONCE, [she] receive[s] [her] answers from Ms. Brogan – [she] can proceed to turn in [her] completed Brief(s)." (*Id.* at 2.) However, this filing, like the others, fails to establish how the Bankruptcy Court's dismissal of Appellant's secondary suit was in error.

## II. STANDARD OF REVIEW

On appeal, a district court must accept a bankruptcy court's findings of fact unless those findings are clearly erroneous. *In re Highland Constr. Mgmt. Servs., LP*, 569 B.R. 673, 680 (E.D. Va. 2017) (quoting *Riley v. Robey*, 25 F. App'x. 149, 152 (4th Cir. 2002)). Conclusions of law, such as *res judicata*, are reviewed *de novo* by a district court. *See Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 276 (4th Cir. 2016).

## III. DISCUSSION

Appellees Wells Fargo Home Mortgage ("Wells Fargo"), Mortgage Electronic Registration Systems ("MERS"), and Specialized Loan Servicing correctly raise the issue of *res judicata* in their briefs.[3] "Under the doctrine of *res judicata*, or claim preclusion,

---

[3] Appellees Wells Fargo and MERS also argue that the Complaint failed to allege claims against either appellee. While this argument is well-founded, it is not the basis of this opinion.

'[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); also citing *Brown v. Felsen*, 442 U.S. 127, 131 (1973); *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991)). Three factors must be present for a court to make a finding of *res judicata*: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Clodfelter v. Sudan*, 720 F.3d 199, 210 (4th Cir. 2013) (quoting *Pueschel*, 369 F.3d at 354–55). The Fourth Circuit takes a "transactional approach" to determine whether causes of action are identical. *Id.* "As long as the second suit 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment,' the first suit will have preclusive effect." *Id.* (quoting *Ohio Valley Envtl. Coal v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009)).

All three factors are present here. Regarding the first *res judicata* factor, the Bankruptcy Court entered a final judgment on the merits in the prior suit on October 17, 2018.[4] Regarding the second factor, Appellant fails to identify how the present case differs from the prior claim objection proceeding. (*See* ECF Nos. 3, 19, 20.) In fact, an examination of Appellant's three appellate briefs reveals no significant distinction between her previous case and the current one.

---

[4] *See* note 1, *supra*.

The statements of facts found in her February 1 Brief are related to the claim objection proceedings that the Bankruptcy Court already addressed (*See* ECF No. 3). Furthermore, in her February 1 Brief, Appellant expressly stated in bold and underlined font that the basis for this suit is the same. (*See id.* at 10 ("**[t]he evidence contained in this brief – is a duplication of what Appellant, and her spouse have been indicating to ALL the named defendants the entire time.**")). Also in line with Appellees' argument, Appellant references the previously adjudicated claim objection proceedings as the basis for her May 10 Brief, and Appellant explicitly directs the Court to reference documents from the record of that previously adjudicated bankruptcy case. (*See, e.g.,* ECF No. 19 at 6 ("Refer to US Bankruptcy Case 18-33270-KLP Document 85 Filed 02/09/2019.")). The May 10 Brief gives no other independent basis for her appeal. Finally, Appellant's Amended Brief offers no assistance and simply requests additional time to file another brief. (*See* ECF No. 20.) In short, at no point in any of these three briefs does Appellant assert a basis for her secondary suit, and this appeal, that is independent of the previously adjudicated claim objection proceeding.

Moreover, during the December 12, 2019 bankruptcy proceeding, in response to the Bankruptcy Court's questioning, Appellant explicitly admitted that she was raising the same issues as in her previous claim objection suit. (*See* ECF No. 18 at 15.)

> THE COURT: But my point is is [*sic*] that this was all dealt with in the claim objection proceeding, and should continue to be dealt with in the claim objection proceeding, not through a new complaint that makes the same allegations that you made in connection with your claim objection.
> MS. GILLIS: I haven't made any new ones, sir.
> THE COURT: That's my point.

>MS. GILLIS: I have – I have not made any new ones . . .

*Id.* Therefore, Appellant's underlying claims clearly arise out of the same transaction. In determining whether *res judicata* applies, the final factor concerns the identity of the parties or their privies. *Clodfelter*, 720 F.3d at 210. Here, the parties are the same as those involved in the claim objection proceedings.

## IV. CONCLUSION

Given that all three factors are present here, the above-captioned suit is barred by *res judicata*. Since Appellant is clearly attempting to recast her already adjudicated claim objection suit as an adversarial proceeding, the Bankruptcy Court will be affirmed.

An appropriate order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: July 17, 2019
Richmond, Virginia